## STATE OF VERMONT *vs.* CAMPBELL.

The Supreme Court have not original jurisdiction of the offence of assault and battery.

CAMPBELL was indicted at the last term of the Court, for an assault and battery. At this term a motion was filed by the counsel for the respondent, to dismiss the indictment, for that, the Supreme Court have not original jurisdiction of the offence, but appellate jurisdiction only.

The motion was argued by *Williams*, attorney for the State.

By *D. Chipman* and *Langdon*, for the respondent.

The opinion of the Court was delivered by

CHIPMAN, Ch. J. This indictment found against the respondent in this Court, contains three counts. The first, for an assault and battery upon one Luce. The second for an assault and battery upon one Rumsay. The third for tumultuous carriage, and an assault and battery upon the same Rumsay.

This offence comes within the twenty first section of the statute, for the punishment of certain inferior crimes and misdemeanors. The respondent has filed a motion to dismiss the indictment, on

*Rutland,*
February.
1814.

State
*vs.*
Campbell.

the ground that this Court has not original jurisdiction of the offence.

The general original jurisdiction of the Supreme Court, is limited and defined in the sixth section of the Judiciary act of 1797, in the following words. " And the said Court (the Supreme Court) shall have original and exclusive jurisdiction of all such crimes and misdemeanors as are enumerated and described, in an act entitled an act for the punishment of certain capital and other high crimes, and misdemeanors ; and also of all other crimes and misdemeanors, where a fine or penalty shall accrue to the State, or where the punishment extends by law to loss of life or disfranchisement."

"In all cases comprehended in this clause, which marks, generally, the original criminal jurisdiction of the Supreme Court, the jurisdiction of all other Courts is excluded. To this must be referred the clause in the first section of the same act," which Courts (County Courts) within their respective Counties, shall have cognizance of all criminal matters, of every name and nature (except such as are made cognizable before the Supreme Court only, or before justices of the peace.) In the sixth section of this statute before mentioned, there is a further clause, giving to the Supreme Court, appellate jurisdiction from the County Courts of all causes, both civil and criminal, in which by law an appeal is allowed.

In the act defining the powers of justices of the peace, section first, it is enacted, " That every justice of the peace within his respective jurisdiction, be, and he is hereby fully authorized to hear, try and determine all pleas and actions of a criminal nature, if the fines and forfeitures, are within the sum of seven dollars, and the corporal punishment shall not exceed ten stripes." In the fourth section of the same act, appellate jurisdiction is given to the County Courts, in cases appealed from a justice of the peace.

By the sections of these statutes which I have recited, the general original jurisdiction of the several Courts is given, limited and defined ; and in these, is discovered no intention to give, in any instance, a concurrent jurisdiction. It has, indeed, been contended, that the second member of the clause before recited, giving original jurisdiction to the Supreme Court, simply gives jurisdiction, but not exclusive. But, certainly such a construction would be a violation of the legitimate principles of the construction of our language. To save repetition, eliptical modes of expression have grown into frequent,

*Rutland.*
February.
1814

State
*vs.*
Campbell.

common, and even universal use.    If a preceding sentence, member of a sentence or clause, contains words which qualify the subject ; and the following sentence, member or clause, be introduced by the word also, or any like word of reference ; this, without repeating the words of qualification, will qualify the sentence, member or clause so introduced, in the same manner, and to the same extent, as the preceding is qualified by the words expressed.    Thus, if we say of treason, it is an enormous crime, deserving the severest punishment,so is murder; it is as clearly and strongly asserted of murder, that it is an enormous crime, and deserving of the severest punishment as it is of treason.    This principle of construction and its application in the present case are too clear to leave a shadow of doubt. The clause giving original jurisdiction to the Supreme Court, gives it exclusively, in every case to which it is there extended.    But, whether in the cases referred to, the Supreme Court has exclusive jurisdiction, or concurrent with the County Courts, it will readily be perceived has no bearing on the present question.    The great question is, does the original jurisdiction of the Supreme Court, by a sound construction of the act recited, or of any other act, extend to the offence charged in this indictment ?—an offence, not contained in the act for the punishment of certain high crimes and misdemeanors—a case in which the fine or penalty is not appropriated to the State, or to the State's treasury—a case in which the punishment does not extend to the loss of life, limb or disfranchisement, and of which jurisdiction is no where expressly given to this Court.

It has been contended by the Attorney for the State, that all fines and penalties for offences against the State, unless, by law, otherwise appropriated, accrue, of course, and belong to the state ; and, consequently, that, in all cases of offences, where the fine or penalty is not otherwise appropriated, the Supreme Court have, within the very words of the act, not only original, but exclusive jurisdiction.

On the part of the respondent, it is contended, that the clause in the act, " where a fine or penalty accrues to the State," embraces those cases, and those only, where a fine or penalty is appropriated and given to the State's treasury, by express provisions of an act of the legislature; and that the County Courts have original exclusive jurisdiction, in all cases where the fine or penalty is not thus appropriated, unless jurisdiction be otherwise expressly given to the Supreme Court, and the Supreme Court have appellate jurisdiction only.

The Court are of opinion, that the latter is the true construction, that it is the construction made by the legislature, and from which the Court are not at liberty to depart.

It will be recollected, that at the two sessions of the legislature holden in February and October, 1797, a revision of the whole code of Statute law was made, with a view to a general system. The acts already mentioned were then passed, and another act, which makes a part of the system, entitled " an act relating to fines forfeitures, &c." by which it is enacted, section second, " That all fines and penalties imposed on any person or persons, in consequence of any criminal prosecution, or for the breach of any penal law, originally commenced in the Supreme Court of judicature, shall, together with the costs, belong to and be paid into the State's treasury, for the use of the State, &c." Section third, " That all fines and penalties imposed &c. when the prosecution shall be commenced in any County Court, shall belong and be paid, together with costs, to the County treasury of the same County." Section fourth, appropriates the fine or penalty, where the prosecution is originally commenced before a jusitce of the peace, to the treasury of the town, where the offence was committed. With a proviso, that if any such fines penalties and costs, shall be otherwise disposed of by any express law of this State, the same shall be disposed of according to the order of such law.

Now the whole code of revised laws, intended to form a system, are to be construed, by comparing and reconciling one part with another, as though the whole were contained in one act. By an examination and comparison of the several acts, it is clear that the legislature did not intend that a fine or penalty, should, because not otherwise appropriated, be considered as belonging or accruing to the State. And, can a fine or penalty be considered, as so accruing to the State, as to give to the Supreme Court, exclusive jurisdiction, and yet, not so accrue, as to authorize a payment to the use of the State, without an express provision by statute? This cannot be admitted. Besides, if such had been understood or intended by the legislature to be the principle, the provision in the second section of the act relating to fines and penalties, would serve no other purpose than to mislead. The provision in the third section, that in prosecutions commenced before the County Courts, the fine or penalty shall belong to and be paid to the County treasury, would in cases

*Rutland,*
*February.*
1814.

State.
*vs.*
Campbell.

Rutland,
Februray.
1814

State
vs.
Campbell.

of concurrent jurisdiction, have been necessary, for the purpose of diverting the fine or penalty from the State treasury.    As in the case of simple larceny, in the first section of the act for the punishment of inferior crimes and misdemeanors.    This section, in which the fine is not appropriated, gives to the Supreme Court, and to the County Courts concurrent jurisdiction of the offence.    Other instances may be found in the statutes, which it is unnecessary to enumerate.

On the whole, the Court are of opinion, that the principle adopted by the legislature, on this subject is, that fines and penalties shall go to some public use, but the particular use to depend on legislative provision.    That the provision in the second section of the act relating to fines and penalties, was not intended to give jurisdiction to the Supreme Court, or in any way to effect it ; but presupposes a jurisdiction in the cases therein commenced, either from the clause before cited from the Judiciary act, or from some other act, giving this Court jurisdiction in particular cases.

It is also in this case observable, that the twenty first section of the act for the punishment of certain inferior crimes and misdemeanors, on which the present prosecution is founded, notwithstanding the fine is not limited or appropriated by the act, treats the offence as cognizable,not in the Supreme Court,but in the first instance, and as a matter of course before a justice of the peace ; and, in case of aggravation to be sent to the County Court.    The last clause in this section is,  " and if the offence be aggravated by any highhanded violence, it shall be the duty of the justice of the peace, to bind over the offender to the next County Court, of the same County, in which the offence shall be committed.

The Supreme Court, as well as the County Courts, are in one sense, courts of common law ; their proceedings and decisions are according to the course of the common law ; but even this is established, or, which is the same thing, adopted, with various modifications, by the constitution and statute laws of the State.

The constitution provides generally, that a Supreme Court shall be established in the State, and County Courts in the several counties, for the administration of justice.    But, the extent, the limitation and modification of their several powers, are left as subjects of legislative provision.    A brief notice of the several provisions, which the legislature have, from time to time, made on this subject, will

throw additional light on the question before discussed, and lead us to the same conclusion.

Rutland,
February.
1814.

State
vs.
Campbell.

The first act establishing a Supreme, or, as it was then called, a Superior Court, was passed in the year 1779, soon after the organization of the Government of Vermont. This act gives jurisdiction in criminal matters to that Court in the following words ; " Which Court, (the superior Court) shall have cognizance of all pleas of the State, that relate to life, limb or other corporal punishment ; also fines, banishment and divorce ; and shall have power to hear and determine the same, by jury or otherwise, according to law, and award execution accordingly." At that time no County Court had been established.

In June, 1782, this act was repealed, and another act passed, which gave jurisdiction to the Supreme Court, in these general terms : " Which Court shall have cognizance of all pleas of the State, criminal actions and causes, and whatsoever relates to the conservation of the peace, and punishment of offenders." This last act, was adopted in the revised code of 1787, without any alteration on this subject. The same act gave jurisdiction to the County Courts, of most crimes short of capital ; so far, of course, the jurisdictions were concurrent. On the first day of November, 1791, the legislature repealed this last act, and passed another on the same subject, by which, jurisdiction was given to the Supreme Court, in the same general terms. But in a following section, for the purpose of restraining the jurisdiction of the County Courts, it is further enacted. " That the Supreme Court shall have original exclusive jurisdiction of all such crimes, as are enumerated and described, in an act of this State, entitled an act, against adultery, polygamy and fornication, except fornication. And also, original and exclusive jurisdiction of all crimes, enumerated and contained in an act of this State, entitled an act, for the punishment of divers capital, and other felonies ; and also shall have original exclusive jurisdiction of treason, mis-prision of treason, counterfeiting the currency of the State, and every species of forgery, perjury, subornation of perjury, incest, rapes, defaming the civil authority, and all other crimes and misdemeanors, where a fine or penalty is going to the State's treasury ; or where the punishment extends by common or statute law to the loss of life, limb or banishment.

Thus the legislature have, at all times, exercised what is, indeed,

*Rutland,*
*February.*
*1814.*

*State*
*vs.*
*Campbell.*

a constitutional right, the power to extend, limit and modify the jurisdiction of the several Courts. The omission, in the present judiciary act, of the clause giving general original jurisdiction, in criminal matters, to the Supreme Court, must, on every rational and legitimate principle of construction, be considered, so far a limitation, so far a restraint of the jurisdiction, which the Supreme Court had exercised under the former acts. The repeal in whole, or in part, of an act giving power, authority or jurisdiction, is, so far, a repeal—a negation of the power, authority or jurisdiction.

The Court, therefore, after a full consideration of the case, are unanimously of opinion, that this Court has not jurisdiction of the offence charged in the indictment; and accordingly the indictment must be dismissed, and the respondent discharged.